UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE


ROBERT TRULL                      )
                                  )
v.                                )          NO. 2:03-CR-10
                                  )          NO. 2:05-CV-179
UNITED STATES OF AMERICA    )



**O R D E R**


　　　　　The petitioner, Robert Trull,  has filed a *pro se* motion to vacate, set aside

or correct his sentence under Section 2255.    The petitioner pled guilty to Count 1 of

an indictment charging him with a conspiracy to distribute and to possess with the

intent to distribute 50 kilograms or more of marijuana.   Although his guideline range

was determined to be 188 to 235 months, upon motion of the government, he was

sentenced to serve a term of 96 months on June 16, 2004.    He did not appeal his

conviction or sentence.   He contends that he is entitled to relief on two grounds:

　　　　　1.   Marijuana's federal scheduled status as a Schedule I drug is incorrect,

ambiguous, and violates the due process clause of the 5th Amendment.

　　　　　2.   He should receive credit for time served from July 23, 2003 to

October 11, 2003.

## MARIJUANA'S SCHEDULE CLASSIFICATION

The Sixth Circuit has squarely addressed the petitioner's constitutional claims in regard to marijuana in *United States v. Burton*, 894 F.2d 188 (6th Cir.1990), cert. denied, 498 U.S. 857 (1990). In *Burton*, in dismissing the defendant's argument that his penalty for marijuana possession violated constitutional protections, the Sixth Circuit concluded that because "marijuana is presently classified as a Schedule I substance and the penalties for possession of such drugs have been rationally and thoughtfully established by Congress.... this argument ... should be made to the legislature, not to the courts." Id. at 192. See also *United States v. Rose*, 47 F.3d 1172, 1995 WL 16839, *1 (6th Cir.(Ky.)).

Although the petitioner also claims marijuana should not be classified as a Schedule I drug because the federal government and numerous states permit its use for medical purposes, in fact, the United States Supreme Court has held in *United States v. Oakland Cannabis Buyers' Co-op.*, 532 U.S. 483, 121 S.Ct. 1711, 149 L.Ed.2d 722 (2001), that while some other drugs can be dispensed and prescribed for medical use without violating the Controlled Substances Act, the same is not true for marijuana, and for purposes of the Act, marijuana has no currently accepted medical use at all; and that the Controlled Substances Act reflects a legislative determination that marijuana has no medical benefits worthy of an exception, outside the confines of a Government-approved

research project. *Comprehensive Drug Abuse Prevention Act*, §§ 201, 401(a), 21 *U.S.C.A.* §§ 811, 841(a). In addition, the United States Supreme Court recently held in *Gonzales v. Raich*, 125 S.Ct. 2195, 73 USLW 4407 (2005), that the application of the provisions of the *Comprehensive Drug Abuse Prevention Act* criminalizing the manufacture, distribution, or possession of marijuana to intrastate growers and users of marijuana for medical purposes did not violate the Commerce Clause.

Therefore, the petitioner is not entitled to relief in regard to his marijuana claims. In addition, he arguably could have raised these issues on appeal, and under *these circumstances, in order to obtain review, Trull must demonstrate cause and* prejudice to excuse his failure to raise his claims on appeal. See *United States v. Frady*, 456 U.S. 152, 167-68 (1982); *Ratliff v. United States*, 999 F.2d 1023, 1025 (6th Cir. 1993). Trull has shown neither cause nor prejudice, and none is apparent from the record.

## CREDIT FOR TIME SERVED

As explained by the Sixth Circuit in the unpublished disposition of *United States v. Chase*, 104 Fed.Appx. 561, 562, 2004 WL 1791480, *1 (6th Cir.(Tenn.)):

> Although 18 *U.S.C.* § 3585(b) entitles a defendant to sentenc-
> ing credit under certain circumstances for time spent in official
> detention prior to the beginning of the sentence, it is the
> Attorney General through the Bureau of Prisons and not the

district court that has the authority to grant the credit. *United States v. Wilson*, 503 U.S. 329, 335, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992); *United States v. Crozier*, 259 F.3d 503, 520 (6th Cir.2001). Only after a prisoner has exhausted his remedies through the Bureau of Prisons, see 28 C.F.R. §§ 542.10-.16, may the prisoner then seek judicial review pursuant to 28 *U.S.C.* § 2241. *Wilson*, 503 U.S. at 335, 112 S.Ct. 1351; *McClain v. Bureau of Prisons*, 9 F.3d 503, 505 (6th Cir.1993).

The petitioner has failed to show that he has exhausted his remedies through the Bureau of Prisons, and therefore, he cannot seek judicial review pursuant to 28 *U.S.C.* § 2241. In addition, an application seeking relief under 28 *U.S.C.* § 2241 must be filed in the district where the petitioner is in custody. In this case, the petitioner is in custody in North Carolina and not the Eastern District of Tennessee.

## CONCLUSION

In regard to the issue of an evidentiary hearing, as explained by the Court in *Ross v. United States*, 339 F.3d 483, 2003 WL 21801453 (6th Cir. 2003):

> The district court should always consider the importance of a hearing in light of what the proper resolution of a particular case requires. *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir.1993). If the record includes a factual dispute, the district court "must hold a hearing to determine the truth of the [petitioner's] claims." *Turner v. United States*, 183 F.3d 474, 477 (6th Cir.1999). Petitioner is not entitled to a hearing, however, "if the files and records of the case conclusively show that he is not entitled to relief." Green v. United States, 65 F.3d 546, 548 (6th Cir.1995).

4

In this case, the Court **FINDS** that the petitioner is not entitled to a hearing because the files and records of the case conclusively show that he is not entitled to relief.

Accordingly, it is hereby **ORDERED** that petitioner's motion under Section 2255 to vacate, set aside, or correct his sentence is **DISMISSED.** Inasmuch as the petitioner did not allege a substantial showing of the denial of a constitutional right, it is also hereby **ORDERED** that the petitioner is **DENIED** a certificate of appealability. Fed. R. App. 22(b); *Lyons v. Ohio Adult Parole Authority*, 105 F.3d 1063 (6th Cir. 1996).


ENTER:

S/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE